USCA1 Opinion

 

 Jun 30, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1475 ROY A. DAY, Plaintiff, Appellant, v. KENZO NAKAMURA, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Roy A. Davis, pro se, on motion for summary reversal. ____________ Marshall D. Stein and Cherwin & Glickman on motion for summary __________________ ___________________ affirmance and memorandum in support of motion for summary affirmance for appellees. ____________________ ____________________ Per Curiam. Plaintiff-appellant, Roy A. Day, ___________ appeals pro se from the district court's dismissal of his ___ __ complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Appellees have moved for summary affirmance. Day has moved for summary reversal. We summarily affirm the dismissal of this complaint. I. Diversity Jurisdiction ______________________ "Once challenged, . . . , the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity the facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. A party may meet this burden by amending the pleadings or by submitting affidavits." Department of Recreation & Sports v. World Boxing Ass'n, 942 _________________________________ __________________ F.2d 84, 88 (1st Cir. 1991). Day has failed to meet his burden. He did not amend the pleadings or submit affidavits in response to appellees' motion to dismiss. Although the complaint seeks $180,000 in compensatory damages, the entire purchase price of the computer was only $2,385. Therefore, even if the inability to purchase additional memory rendered the computer completely useless (which Day admits it did not), the compensatory damages would not approach $50,000. The complaint does not allege lost profits or other consequential business losses. -2- Whether Massachusetts or Florida law controls (a matter about which the parties disagree), damages for mental pain and suffering and punitive damages are not recoverable on these facts. Therefore, Day has failed to plead facts indicating that it is not a legal certainty that his claims involve less than $50,000. II. Federal Question Jurisdiction _____________________________ Defendant's motion to dismiss was pursuant to both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The district court dismissed the complaint pursuant to 12(b)(1). Day argues on appeal that the adequacy of the jurisdictional amount is "moot" because the complaint arises under the Sherman and Clayton Acts and that, therefore, there is federal question jurisdiction pursuant to 28 U.S.C. 1331. We may affirm the district court's 12(b)(1) dismissal on any independently sufficient ground, including failure to state a claim. See ___ Watterson v. Page, 987 F.2d 1, 7 n.3 (1st Cir. 1993). _________ ____ The basis of Day's claims under the Sherman and Clayton Acts is that defendants engaged in the following "monopolistic practices":  deny[ing] . . . citizens additional `random accessory memory' . . . for NEC computers at a reasonable and competitive purchase price, solely for the purpose to force, coerce and intimidate the citizens to purchase a `new NEC computer' by using ________________ correspondence which is replete with `falsehoods, fraud, misrepresentations and half-truths,'. . . . -3- As the appellees point out in their Opposition to Appellant's Motion for Summary Reversal, the claim is illogical: "[W]ith such a range of alternative[] [lap top computers] available, appellant's dissatisfaction with the cost of enhancing the memory on his NEC machine would result in his purchasing a competitor's product, rather than being forced to buy another product from NEC."  The complaint alleges that NEC sells additional memory for the 286V at unreasonable and noncompetitive prices. It also alleges, however, that NEC -- far from having a monopoly in the supply of additional RAM for the 286V -- does not have the RAM for sale at all. The alleged "monopolistic practices" could not even conceivably have the effect of restraining competition or creating a monopoly. The complaint's vague and contradictory allegations fail to state a claim under the federal antitrust laws. Accordingly, the district court's dismissal of this complaint is affirmed. See Loc. R. 27.1. Appellees' request ________ ___ for an injunction restricting Day's filings with the district court is denied. Appellees may file a motion with the ______ district court seeking an injunction from future filings if the need arises. -4-